# IN COMMON PLEAS OF LUZERNE CO

BOROUGH OF DUNMORE VS. ROARING BROOK TURNPIKE CO.

FIRST—Turnpike and Plank Road Companies may erect toll-gates, and the power to do so is a vested right.

SECOND—Courts will not allow an injunction to restrain the collection of toll where it is a vested right.

Motion for injunction.

C. Smith, Esq., for Pl'tff.     Hon. F.W. Gunster, Contra.

Opinion by HANDLEY, J.

The plaintiff here complains that the Borough of Dunmore is a municipal corporation duly chartered under the laws of this commonwealth, and as such corporation she owns and controls, as by right she ought to own and control, all roads, highways, streets, bridges and sidewalks within the limits of the said Borough of Dunmore. That the Roaring Brook Turnpike Company, a corporation duly chartered under the laws of this commonwealth for the purpose of the construction of a turnpike road from a point on the Philadelphia and Great Bend turnpike at or within three miles of the village of Moscow, to the main public road in the borough of Dunmore leading to Olyphant, subject to all restrictions and entitled to all the provisions of an act entitled " An act to regulate turnpike and plank-road companies;" that the said defendants without lawful authority or compensation of any kind have taken and appropriated to their own use a large portion of a certain public road of about three miles in length, belonging to the Borough of Dunmore ; that the said road so appropriated is the public road leading from Dunmore Corners to and beyond Greenville and the said defendants, in further violation of law, have erected within the limits of the said borough, on and across the said road, a toll-gate, by reason of which, said defendants, in violation of the legal rights of the citizens and inhabitants of said borough, do collect from said inhabitants toll while traveling over said road and within the limits of said borough ; that the said borough is greatly damaged and injured, and the inhabitants thereof wrongfully and illegally obstructed in their right to travel

in the said borough. The plaintiff therefore prays that a preliminary injunction may issue to restrain the defendants from collecting toll from the inhabitants of the Borough of Dunmore on so much of the said public road as lies within the limits of the said borough ; that the plaintiff be awarded damages ; that the defendants pay to the plaintiff a just and reasonable compensation for the use of said road from the time of its appropriation as aforesaid until the beginning of this suit, and that the plaintiff may have such further and other relief in the matter as the nature and circumstances of this case may require and shall seem just. Eugene Snyder, one of the defendants, filed his affidavit by way of answer. In this affidavit Mr. Snyder says that it is not true that the Borough of Dunmore owns or controls, or that the said borough of right ought to own and control all the highways, streets and bridges within the limits of said borough. That the Roaring Brook Turnpike Company owns and controls, and by right ought to own and control the road described in the bill of complaint of the plaintiff ; that the said company is duly incorporated by the laws of this commonwealth and has special privileges under its charter, which the defendants pray may be taken as part of this answer ; that the said company constructed its road and is occupying and using the same, including that portion named in the plaintiff's bill, in accordance with its charter and the laws of this commonwealth ; that all that portion of the road of the Roaring Brook Turnpike Company which is in the Borough of Dunmore, is constructed upon the bed of the old Philadelphia and Great Bend Turnpike ; * * * that the occupying of the same by said company was necessary to a proper location of the road of said Roaring Brook Turnpike Company. That the said company is authorized by its charter and the laws of this commonwealth to collect tolls on its road, and is duly licensed so to do, and to erect the toll-gate complained of; that the said toll-gate is not more than is necessary and sufficient to collect the tolls which said company is authorized by law to collect ; that it is not true that said borough or the inhabitants

thereof are damaged or injured, or wrongfully and illegal-
ly obstructed in their right to travel in said borough by
the erection of said toll-gate.   This presents for our con-
sideration the question of vested rights.   The highways
of a state, including streets in cities, are under the para-
mount and primary control of the legislature.   The au-
thority to open, care for, regulate and improve streets,
gives to municipal corporations all needed authority to
keep the streets free from obstructions and to prevent im-
proper use, and to ordain ordinances to this end.   Dillon's
M. Corp., 538, and cases there cited.   Every borough
within this commonwealth, whether incorporated by an
act of assembly or by the court of quarter sessions, have
power to lay out such roads, streets, lanes and alleys as
they may deem necessary; also to prohibit the erection or
construction of any building or other obstruction to the
convenient use thereof.   (1 Pur. Dig. 167, §§§ 15, 22 and
23.)   A street in an incorporated town is strictly a road,
and may be and frequently is, so denominated. (Moya-
mensing Road, 4 S. & R. 106 ; Sharett's Road, 8 Barr,
92.)   The right to construct, maintain and erect toll-gates
is given to the defendants by the acts of 1849, 1867, 1869
and 1870.   The right to erect the toll gate in question and
to collect toll is therefore a vested right, and unless the
turnpike company surrenders to the Borough of Dun-
more such part of this road as lies within the borough she
may collect toll at her gate.   She may however surrender
that right, and having done so, her right to collect toll
for that part of the road is gone.   (Greensburg Turnpike
Co. vs. Breidenthal. 1 Ph. Reps. 93.)   Even the dead
while burying the dead must pay toll.   (Philadelphia and
Lancaster Turnpike Co. vs. Gartland, 6 Ph. Rep. 128.)
Whilst courts will not allow an injunction to restrain the
collection of toll where it is a vested right, yet upon proper
showing courts will grant an injunction and perpetually
enjoin parties who construct a by-road to avoid the pay-
ment thereof.   (High on Inj. 321, § 576.)   The question
involved in this case is a proper subject of legislation,
but not of injunction.

    Motion for injunction refused.